Ryan W. Koppelman (SBN 290704)
Timothy R. Watson (SBN 293774)
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone:   (650) 838-2000
Facsimile:   (650) 838-2001
ryan.koppelman@alston.com
tim.watson@alston.com

Michael J. Newton (SBN 156225)
**ALSTON & BIRD LLP**
2828 North Harwood Street, 18th Floor
Dallas, Texas 75201
Telephone:   (214) 922-3400
Facsimile:   (214) 922-3899
mike.newton@alston.com

Evan W. Woolley (SBN 286385)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:   (213) 576-1000
Facsimile:   (213) 576-1100
evan.woolley@alston.com

*Attorneys for Plaintiff*
*Universal Electronics Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNIVERSAL ELECTRONICS INC., a Delaware Company,<br><br>            Plaintiff,<br>   v.<br><br>ROKU, INC., a Delaware Company,<br><br>            Defendant. | **Case No. 8:18-cv-01580-JVS-ADS**<br>**Honorable James V. Selna**<br><br>**PLAINTIFF UNIVERSAL ELECTRONICS INC.'S OBJECTIONS TO ROKU, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ROKU'S MOTION TO DISMISS** |

## I.   Objections to Request for Judicial Notice

In support of its Motion to Dismiss, Defendant Roku, Inc. ("Roku") seeks judicial notice of Patent Application Publication No. US 2003/0103088 (the "088 Application"). More precisely, Roku seeks judicial notice of its interpretation of the scope of prior art briefly described in the 088 Application. Roku's Request for Judicial Notice ("RJN") is defective because (1) it relies on an impermissible chain of ambiguous incorporation by reference; and (2) it improperly asks the Court to notice disputed facts. For these reasons Roku's RJN should be denied.

### A.   Roku's RJN Relies on an Impermissible Daisy Chain of Ambiguous Incorporation by Reference.

Generally "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688. (9th Cir. 2001). Incorporation by reference allows the Court to consider documents outside of the complaint, but only where the "contents are alleged in a complaint and whose authenticity no party questions." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). However, daisy-chaining references by incorporation is not allowed, and that is what Roku is attempting here.

The 088 Application is not mentioned in the First Amended Complaint. The Janik Patents are discussed, relied upon, and attached to the Complaint, but the 088 Application is not one of the Janik Patents. The 088 Application is not a document whose "contents are alleged in a complaint," therefore it is not incorporated by reference into the Complaint. *See Knievel*, 393 F.3d at 1076.

Instead, Roku relies on a daisy chain of incorporation by reference. Roku's sole basis for incorporating the entirety of an unrelated patent application is two lines in the Janik Patents. The first line refers to the 088 Application, and describes it as an example of a remote control device with a display "wherein the display is utilized to present the multiple, different user interfaces." (D.I. 28-7 at 1:64–2:8). The second line appears at the end of the specification and states "[a]ll documents cited within this

1  application for patent are hereby incorporated by reference in their entirety." (*Id*. at
2  7:3-4).  Roku asserts that the 088 Application is thus incorporated by reference into
3  the Janik Patents, which are then incorporated by reference into the Complaint.  A
4  chain of such incorporations is not allowed.  *See Kedkad v. Microsoft Corp*., Case No.
5  C13-0141 TEH, 2013 U.S. Dist. LEXIS 126346, *20 (N.D. Cal. Sept. 3, 2013) (term
6  not incorporated by reference where contract referred to statute, which cross-
7  referenced another statute with the term at issue).

8  Moreover, Roku does not even make the case that the 088 Application is
9  incorporated into the Janik Patents.  Incorporation by reference must be unambiguous.
10  *See Northrop Grumman Info. Tech., Inc. v. United States*, 535 F.3d 1339, 1344 (Fed.
11  Cir. 2008) (holding that an incorporation by reference statement should leave no doubt
12  as to what reference is being incorporated).  But the incorporating language in the
13  Janik Patents refers to documents "cited within this application." (D.I. 28-7 at 7:3-4).
14  A patent's caption page includes a list of "References Cited"—and no list of
15  "References Cited" for any of the Janik Patents ever includes the 088 Application.
16  (D.I. 28-5; D.I. 28-6; D.I. 28-7).  The incorporating language Roku cites is ambiguous
17  as to whether it incorporates only the "References Cited" or every single document the
18  specification mentions even in passing.  Such ambiguity means that the entirety of the
19  50-page 088 Application is not incorporated into the Janik Patents by a fleeting one-
20  line allusion.  *See Northrop*, 535 F.3d at 1344.  Judicial notice is therefore improper,
21  and Roku's should be denied.

22  **B.     Roku's RJN Improperly Requests Notice of Disputed Issues of Fact.**

23  Roku's RJN is also improper for asking the Court to take judicial notice of
24  disputed facts.  Federal Rule of Evidence 201(b) provides that judicial notice may be
25  taken of "a fact that is not subject to reasonable dispute."  With respect to public
26  records, that means that the existence of the record may be judicially noticed, but the
27  truth of facts therein may not be.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 690
28  (9th Cir. 2001) (taking judicial notice of existence of court records, but not truth of

facts therein).

Roku's RJN asks the Court to take judicial notice of *its interpretation* of a description of prior art in the 088 Application. Specifically, Roku requests judicial notice of the "fact" that remote control devices with touchscreens, GUIs, and motion inputs were routine and conventional at the time of the patent. (D.I. 32 at 15:1-11.) But this alleged "fact" is merely Roku's interpretation of the 088 Application's description of a PDA device (the Compaq iPAQ). Because Roku improperly seeks judicial notice of the facts within a public record and not merely the fact of its existence, the Court should deny the RJN on this basis as well. Roku's cited cases do not stand to the contrary. Neither discusses the substance of the matters of which the court took notice. In *Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n.3 (Fed. Cir. 1990) the court appears to take notice of the fact of a USPTO Office Action that rejected certain claims. And in Genentech, Inc. v. Chiron Corp., 112 F.3d 495, 497 n.1 (Fed. Cir. 1997) there is not detail whatsoever as to the nature of the noticed documents, other than that they were before the BPAI. And in neither case was there an apparent dispute as to any facts within the documents.

Roku assumes that that use of the term "motions" in the 088 Application meant not only that the iPAQ could receive and distinguish between tapping and swiping inputs, which is not explicitly stated, but also that such devices and functionalities were routine and conventional at the time. This assumes too much, and UEI's Amended Complaint and the Janik Patents themselves prove this to be a disputed fact. The Janik Patents cite the 088 Application as an example of the limitations in the prior art – specifically, prior art remotes that recognized only one type of input (traditional tapping input). (D.I. 28-7 at 1:64–2:9). UEI's Amended Complaint alleges that touchscreens were not routine and conventional with remote controls because "touchscreen technology comprised a small part of the market, was generally expensive, and was difficult to incorporate into a consumer device." (D.I. 28 at 30:8-10.) Moreover, "[t]o the extent touchscreen technology was used, it replicated

functionality of hard keys, as opposed to allowing multiple methods of control." (*Id.* at 30:10-11).

On a motion to dismiss, the Court must credit UEI's factual allegations. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court cannot take judicial notice of the disputed fact as to whether remote control devices with touchscreens, GUIs, and the ability to distinguish between two types of touch input were routine and conventional in the art. *See United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) ("Here, we can consider the *existence* of the reports . . . . Nonetheless, we may not, on the basis of these reports, draw inferences or take notice of facts that might reasonably be disputed.") (emphasis in original); *see also Cortez v. CitiMortgage, Inc.*, Case No. CV 14-01720-RGK (SPx) 2014 U.S. Dist. LEXIS 176180, *9 (Dec. 11, 2014) ("Even if the Court could take judicial notice of the documents themselves, it could not take notice of the truth of the facts asserted within the documents."). For this additional reason, judicial notice is improper.

## II.    Conclusion

For at least the reasons stated above, the Court should deny Roku's Request for Judicial Notice.

Dated: January 21, 2019

By: */s/ Ryan W. Koppelman*

Ryan W. Koppelman (SBN 290704)
Timothy R. Watson (SBN 293774)
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone:  (650) 838-2000
Facsimile:   (650) 838-2001
ryan.koppelman@alston.com
tim.watson@alston.com

Michael J. Newton (SBN 156225)
**ALSTON & BIRD LLP**
2828 North Harwood Street, 18th Floor
Dallas, Texas 75201
Telephone:  (214) 922-3400
Facsimile:   (214) 922-3899
mike.newton@alston.com

Evan W. Woolley (SBN 286385)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100
evan.woolley@alston.com

*Attorneys for Plaintiff*
*Universal Electronics Inc.*

# CERTIFICATE OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of 18 and not a party to the within action; my business address is Alston & Bird LLP, 1950 University Avenue, Suite 500, East Palo Alto, California 94303. On January 21, 2019, I served the foregoing document(s) described as:

**PLAINTIFF UNIVERSAL ELECTRONICS INC.'S OBJECTIONS TO ROKU, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ROKU'S MOTION TO DISMISS**

by the indicated means to the persons at the addresses listed:

| | |
|---|---|
| **Jonathan D Baker**<br>jdbaker@dickinsonwright.com<br>Dickinson Wright PLLC<br>800 West California Avenue Suite 110<br>Sunnyvale, CA 94086<br>Telephone: 408-701-6200 | ☐ Via Overnight Courier<br>☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☐ Via E-mail<br>✓ Via Electronic Filing |
| **Michael D Saunders**<br>msaunders@dickinsonwright.com<br>**Steven Robert Daniels**<br>sdaniels@dickinsonwright.com<br>Dickinson Wright PLLC<br>303 Colorado Street Suite 2050<br>Austin, TX 78701<br>Telephone: 512-770-4200 | ☐ Via Overnight Courier<br>☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☐ Via E-mail<br>✓ Via Electronic Filing |
| **Steven A Caloiaro**<br>scaloiaro@dickinsonwright.com<br>Dickinson Wright PLLC<br>100 West Liberty Street Suite 940<br>Reno, NV 89501<br>Telephone: 775-343-7500 | ☐ Via Overnight Courier<br>☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☐ Via E-mail<br>✓ Via Electronic Filing |

I am readily familiar with our firm's processing of correspondence via electronic mail and U.S. Mail. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct; that I am employed in the office of a member of the bar of this Court at whose direction the service was made; and that this declaration was executed on January 21, 2019, at

1 | 
2 | East Palo Alto, California.
3 | 
4 |                                     Jason A. Englund
5 |                                     Alston & Bird LLP