Jonathan D. Baker (SBN 196062)
jdbaker@dickinsonwright.com
DICKINSON WRIGHT RLLP
800 W. California Avenue, Suite 110
Sunnyvale, CA 94086
Telephone: (408) 701-6200
Facsimile: (844) 670-6009

Steven R. Daniels (SBN 235398)
sdaniels@dickinsonwright.com
Michael D. Saunders (SBN 259692)
msaunders@dickinsonwright.com
DICKINSON WRIGHT PLLC
303 Colorado St., Ste. 2050
Austin, Texas 78701
Telephone: (512) 770-4200
Facsimile: (844) 670-6009

*Attorneys for Defendant Roku, Inc.*
Additional counsel on signature page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNIVERSAL ELECTRONICS INC., a Delaware Company,<br><br>Plaintiff,<br><br>v.<br><br>ROKU, INC., a Delaware Company,<br><br>Defendant. | Case No. 8:18-cv-01580-JVS-ADS<br><br>**ROKU, INC.'S NOTICE OF MOTION AND MOTION TO LIMIT NUMBER OF ASSERTED CLAIMS AND MEMORANDUM IN SUPPORT THEREOF**<br><br>Judge: Hon. James V. Selna<br>Date: February 25, 2019<br>Time: 1:30 p.m.<br>Courtroom: 10C |



## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on Monday, February 25, 2019, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable James V. Selna, located in Courtroom 10C at the Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Santa Ana, California 92701-4516, Defendant Roku, Inc. ("Roku") will and hereby does move the Court to limit the number of patent claims asserted by Plaintiff Universal Electronics Inc. ("UEI"). As set forth in its Disclosure of Asserted Claims and Infringement Contentions, UEI has asserted 106 claims across nine patents. As further detailed in the Memorandum of Points and Authorities submitted herewith, allowing so many claims to proceed will create significant and unnecessary burdens on this Court and Roku. Accordingly, Roku requests that the Court require UEI to elect no more than 20 claims that it wishes to pursue by March 11, 2019.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 30, 2019.

This Motion is supported by the attached Memorandum of Points and Authorities; all opposition and reply papers thereto; the files, records, and pleadings in this action; and any arguments presented at the time of the hearing on this motion.

Respectfully submitted,

Dated: February 6, 2019

By: */s/ Jonathan D. Baker*

Jonathan D. Baker (SBN 196062)
**DICKINSON WRIGHT RLLP**
800 W. California Avenue, Ste. 110
Sunnyvale, CA 94086
Telephone: (408) 701-6200
Facsimile: (844) 670-6009
jdbaker@dickinsonwright.com

Steven R. Daniels (SBN 235398)
Michael D. Saunders (SBN 259692)
**DICKINSON WRIGHT PLLC**
303 Colorado St., Ste. 2050
Austin, Texas 78701
Telephone: (512) 770-4200
Facsimile: (844) 670-6009
sdaniels@dickinsonwright.com
msaunders@dickinsonwright.com

Steven A. Caloiaro (SBN 284410)
**DICKINSON WRIGHT PLLC**
100 West Liberty Street, Ste. 940
Reno, NV 89501
Telephone: (775) 343-7500
Facsimile: (844) 670-6009
scaloiaro@dickinsonwright.com

*Attorneys for Defendant*
*Roku, Inc.*

# TABLE OF CONTENTS


NOTICE OF MOTION AND MOTION ........ 1

INTRODUCTION ........ 1

BACKGROUND ........ 2

ARGUMENT ........ 3

- I. Litigating all 106 of UEI's Claims Will Unreasonably Burden Both the Court and Roku. ........ 3
- II. Issuing an Order Limiting the Number of Asserted Claims Is Proper at this Stage of the Litigation ........ 7
- III. Reducing the Number of Asserted Claims from 106 to 20 Is Reasonable ........ 8
- IV. UEI Will Suffer No Prejudice if the Court Exercises its Discretion to Limit the Number of Asserted Claims ........ 9

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Cases**

*Adobe Sys. Inc. v. Wowza Media Sys. LLC*, 2013 WL 9541126 (N.D. Cal. May 6, 2013) .......... 6

*Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066 (Fed. Cir. 2002) .......... 4

*Arctic Cat, Inc. v. Polaris Indus. Inc.*, 2015 WL 3756409 (D. Minn. June 12, 2015) .......... 7

*Broadcom Corp. v. Emulex Corp.*, 2010 WL 11465322 (C.D. Cal. June 30, 2010) .......... 1, 8, 9

*Crane Co. v. Sandenvendo Am., Inc.*, No. 2:07-cv-00042, Dkt. 66, at 1 (E.D. Tex. Aug. 15, 2008) .......... 5

*Cummins-Allison Corp. v. SBM Co.*, 2009 WL 806753 (E.D. Tex. Mar. 19, 2009) .......... 5

*Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998) .......... 9

*Fenster Family Patent Holdings, Inc., Elscint Ltd.*, 2005 WL 2304190 (D. Del. Sept. 20, 2005) .......... 9

*Havco Wood Products, LLC v. Indus. Hardwood Products, Inc.*, 2011 WL 5513214 (W.D. Wis. Nov. 10, 2011) .......... 8

*High Point Sarl v. Sprint Nextel Corp.*, 2010 WL 9497168 (D. Kan. Aug. 18, 2010) .......... 8

*In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303 (Fed. Cir. 2011) .......... 2, 3, 8, 9

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217 (9th Cir. 2006) .......... 3

*Joao Control and Monitoring Systems, LLC v. Ford Motor Co.*,
2014 WL 106926 (E.D. Mich. Jan. 10, 2014) ....................7, 8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)....................3

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*,
918 F. Supp. 2d 277 (D. Del. 2013)....................7

*Medtronic Minimed Inc. v. Animas Corp.*,
2013 WL 3322248 (C.D. Cal. Apr. 5, 2013) ....................3, 8

*MLC Intellectual Property, LLC v. Micron Technology, Inc.*,
2018 WL 4616255 (N.D. Cal. Sept. 26, 2018)....................5

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
521 F.3d 1351 (Fed. Cir. 2008) ....................6

*Oasis Research, LLC v. Adrive, LLC*,
2011 WL 7272473 (E.D. Tex. Sept. 13, 2011)....................7

*Select Comfort Corp. v. Gentherm, Inc.*,
2014 WL 4976586 (D. Minn. Oct. 3, 2014) ....................8

*Stamps.com Inc. v. Endicia, Inc.*,
437 F. App'x 897 (Fed. Cir. 2011) ....................3, 8

*Visto Corp. v. Little Red Wagon Techs., Inc.*,
2012 WL 7989618 (N.D. Tex. Oct. 18, 2012)....................9

*Ziggity Sys., Inc. v. Val Watering Sys.*,
769 F. Supp. 752 (E.D. Pa. 1990) ....................9

**Rules**

Fed. R. Civ. P. 1 ....................3

## INTRODUCTION

In this action, UEI has asserted an unreasonably large number of patent claims—106 claims from nine patents. Roku has met and conferred with UEI regarding reducing the number of asserted claims, but the parties have not been able to reach agreement. Roku's requested reduction is warranted for three principal reasons. First, UEI's assertion of 106 claims will impose a significant and unjustified burden on both the Court and Roku during the claim construction phase of the case and throughout subsequent proceedings, including fact discovery, expert discovery, and dispositive motions practice. As a practical matter, UEI will only be able to proceed with a fraction of the currently asserted claims at trial. Requiring UEI to reduce the number of asserted claims to twenty now would spare the parties and the Court from the massive and unnecessary expenditure of time and resources required to litigate the large number of claims currently asserted, the vast majority of which UEI will carve from this case before trial.

Second, recognizing the significant burden associated with litigating large numbers of claims, courts routinely require patentees to limit the number of asserted claims prior to claim construction. Under well-settled precedent, district courts have broad discretion to limit the number of asserted patent claims. Many courts – indeed, this very District Court – have approved limiting plaintiffs to fifteen or fewer claims to make patent infringement litigation more efficient. Indeed, in an extremely similar case involving the assertion of eleven patents, this Court required the plaintiff to reduce the number of asserted claims from 178 to 20 claims before claim construction. *Broadcom Corp. v. Emulex Corp.*, 2010 WL 11465322, at *5 (C.D. Cal. June 30, 2010) (Selna, J.) (Concluding that "[p]roceeding with this number of claims through claim construction, summary judgment motions, and trial is an untenable proposition that would substantially drain the parties' and the Court's resources").

Third, UEI will suffer no prejudice if required to limit the number of claims. Such limitation does not deprive UEI of any property rights, which are attendant to the patents, not the individual claims, nor preclude – should UEI prevail – recovery of the full amount of damages available for the infringement of those patents. Limiting the claims, moreover, will not trample UEI's due process right to bring claims that present distinct issues of invalidity or infringement; indeed, the Court can preserve this right by ordering that UEI have the opportunity to add claims in the future based on a showing that they present such unique issues. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1312 (Fed. Cir. 2011) (allocation to plaintiff of burden to establish that claims presented distinct issues of invalidity or infringement did not create significant risk that plaintiff "would be erroneously deprived of property rights in unselected claims").

Accordingly, Roku respectfully requests that the Court order UEI to reduce the number of asserted claims to twenty claims on or before March 11, 2019.

## BACKGROUND

UEI filed this case against Roku on September 5, 2018. Dkt. No. 1. UEI filed its First Amended Complaint ("FAC") on December 7, 2018. Dkt. No. 28. The FAC alleges that Roku infringes nine UEI patents by selling certain Roku streaming players with remote controls, and by making the Roku Mobile App available for use in connection with certain of its streaming players. FAC ¶¶ 28, 47, 67, 93, 113, 136, 158, 180, 199.

On December 24, 2018, pursuant to the Scheduling Order, UEI served its Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions"). *See* Exhibit A hereto. As set forth in the Infringement Contentions, UEI identified 106 claims that it was asserting across the nine patents in this case. *Id*. at 2-3.

By letter dated January 18, 2019, counsel for Roku advised UEI that 106 claims was not a "manageable number" for the purposes of further proceedings in this case and requested that UEI agree to reduce the number of asserted claims to no more than twenty claims. The parties subsequently met and conferred on this issue but were unable to reach agreement.

## ARGUMENT

### I. Litigating all 106 of UEI's Claims Will Unreasonably Burden Both the Court and Roku.

District courts have "broad discretion to administer the proceedings" so as to ensure efficiency in litigation. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also* Fed. R. Civ. P. 1. Federal Courts routinely exercise such discretion to require patentees to reduce the number of asserted patent claims. *See, e.g., In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d at 1310-12 (Fed. Cir. 2011) (affirming district court's decision requiring plaintiff to reduce number of asserted claims); *Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897, 902 (Fed. Cir. 2011) (acknowledging courts' "authority to impose a limit on the number of claims"); *Medtronic Minimed Inc. v. Animas Corp.*, 2013 WL 3322248, at *1 (C.D. Cal. Apr. 5, 2013) ("It is undisputed that for the sake of judicial economy and management of a court's docket, a court may limit the number of asserted claims in a patent case"). The Court should exercise its discretion to require a reduction in the number of asserted claims in the present case because allowing UEI to proceed with 106 asserted claims across nine patents will create an unreasonable burden on the Court and Roku.

With respect to Roku, this burden certainly will manifest itself in the

expenditure of mammoth volumes of attorney time and expense dealing with 106 claims. As the Federal Circuit has noted, even a "single claim . . . may occasion the expenditure of hundreds or thousands of hours, as opposing counsel try to verify or refute the allegations and theories." *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002) (internal quotation marks omitted). UEI's assertion of ***106 claims*** from nine patents – each one of which likely will require the "hundreds or thousands of hours" of counsels' attention – compounds this issue.

Going forward, if UEI were to maintain its assertion of 106 claims, Roku would be required to expend massive resources litigating a large number of claims that undeniably will not be asserted at trial. By way of example only, Roku would be required to:

- Prepare proposed claim constructions and draft claim construction briefs and reply briefs regarding claim terms that may not be asserted at trial;
- Conduct further analysis and provide discovery regarding non-infringement of all 106 currently asserted claims;
- Take discovery and fully develop invalidity defenses for all 106 currently asserted claims;
- Submit expert reports analyzing the non-infringement and invalidity of dozens of claims that will not be asserted at trial; and
- Prepare for, take, and defend numerous fact and expert depositions – including, among others, depositions of the inventors, prosecuting attorneys, and technical experts – without knowing which claims will ultimately be asserted at trial.

These burdens will only increase – exponentially – as the case progresses if UEI is not required to narrow its infringement assertions now.

Allowing UEI to assert an unreasonably large number of claims, moreover, effectively – and unfairly – also would deprive Roku of adequate notice as to which

claims UEI actually intends to pursue at trial. As a practical matter, UEI will be able to present only a fraction of the currently asserted claims at trial. Forcing litigation over an unreasonably large number of claims – through claim construction, expert discovery, and summary judgment – and then dropping the majority of those claims shortly before trial, will deprive Roku of the ability to devote full attention to the claims that the parties end up actually trying. Roku, for example, will have to prepare for, take, and defend depositions of the inventors, prosecuting attorneys, technical experts, and other witnesses ***without knowing which claims UEI ultimately will assert at trial***. Roku cannot effectively depose a witness on 106 – or 50, or 35 – separate claims of nine separate patents without receiving significantly more preparation time than what the Federal Rules of Civil Procedure allow. UEI's strategy will rob Roku of a full and fair opportunity to prepare defenses to the claims that will actually be asserted at trial.

UEI will effectively end up concealing the claims it actually intends to assert from Roku by hiding them amongst the 85 or more claims that will disappear from this case prior to trial. Federal Courts across the country have roundly criticized this practice. *See Crane Co. v. Sandenvendo Am., Inc.*, No. 2:07-cv-00042, Dkt. 66, at 1 (E.D. Tex. Aug. 15, 2008) ("[A]sserting an unreasonably large number of patent claims serves to obfuscate the more material issues in the case"); *Cummins-Allison Corp. v. SBM Co.*, 2009 WL 806753, at *2 (E.D. Tex. Mar. 19, 2009) (noting that, by asserting 116 claims, plaintiff "engaged in a game of 'hide the ball' in an attempt to divert Defendant from the actual claims Plaintiff will assert at trial").

UEI's assertion of 106 claims also imposes significant burdens on the Court. The assertion of so many claims will almost certainly require the Court to construe a significantly larger number of claim terms before trial than if UEI were limited to a reasonable number of claims. *MLC Intellectual Property, LLC v. Micron Technology, Inc.*, 2018 WL 4616255, at *5 (N.D. Cal. Sept. 26, 2018) (quoting *O2*

*Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008)) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it"). UEI's assertion of so many claims will also unnecessarily complicate dispositive motion practice on invalidity and non-infringement where the parties likely will ask the Court to determine whether summary judgment is appropriate for numerous patent claims that UEI ultimately will not assert at trial. *See Adobe Sys. Inc. v. Wowza Media Sys. LLC*, 2013 WL 9541126, at *1 (N.D. Cal. May 6, 2013) (reducing claims before *Markman* hearing and noting that "the court sees little reason to . . . rule on summary judgment motions that relate to claims that [Plaintiff] will not be asserting at trial").

Last, extreme duplication exists with respect to the content and scope of the claims asserted by UEI. As just one example, UEI's U.S. Patent Nos. 7,782,309 (the "'309 Patent"), 7,821,504 (the "'504 Patent"), and 7,821,505 (the "'505 Patent") are all part of the same patent family and have numerous virtually identical claims. For example, asserted claims 1-6 and 8 of the '309 Patent are virtually identical in content to asserted claims 5-10 and 12 of the '505 Patent and asserted claims 1-5 and 7 of the '504 Patent. Indeed, in its operative Complaint, UEI describes each of the '309, '505, and '504 Patents as being directed to the same technological improvement. Dkt. No. 28 ¶¶ 111, 134, 156. As another example, UEI's U.S. Patent Nos. 7,589,642 (the "'642 Patent"), 8,004,389 (the "'389 Patent"), and 9,911,325 (the "'325 Patent") are all part of the same patent family and share numerous virtually identical claims. For example, asserted claim 2 of the '389 Patent recites largely the same method as asserted claims 1-2 of the '642 Patent, and asserted claim 12 of the '389 Patent recites essentially the same remote control as asserted claim 19 of the '642 Patent. Additionally, asserted claim 1 of the '325 Patent recites essentially the same method as asserted claim 3 of the '642 Patent. Having to address these duplicative claims, which will require reciting the same defenses over and over

again, does nothing more than create unnecessary work for Roku and the Court.

These enormous, unreasonable burdens justify a reasonable limitation on the number of asserted claims.

**II. Issuing an Order Limiting the Number of Asserted Claims Is Proper at this Stage of the Litigation**

Pursuant to the Scheduling Order, the parties are scheduled to exchange their proposed claim constructions on March 21, 2019. Accordingly, reducing the number of asserted claims by March 11, 2019 will enable the parties and the Court to obtain the benefit of simplifying the case prior to expending significant resources on the claim construction process. Courts generally agree that the time for limiting asserted claims is before claim construction. *E.g.*, *Joao Control and Monitoring Systems, LLC v. Ford Motor Co.*, 2014 WL 106926, at *4 (E.D. Mich. Jan. 10, 2014) (noting that conducting claim construction hearing "for a multitude of claims that Plaintiff may later elect not to pursue during the claim selection process" would be a waste of resources); *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 284 (D. Del. 2013) ("[E]arly claim reduction is warranted before claim construction briefing and summary judgment motions are filed."); *Oasis Research, LLC v. Adrive, LLC*, 2011 WL 7272473, at *2 (E.D. Tex. Sept. 13, 2011) ("limiting the amount of claims asserted by Plaintiff is appropriate at this time to aid in efficiency and narrowing the claims prior to claim construction"); *Arctic Cat, Inc. v. Polaris Indus. Inc.*, 2015 WL 3756409, at *4 (D. Minn. June 12, 2015) ("[T]he vast majority of courts that have ordered claim reduction have done so prior to claim construction.").

The basis for reducing the number of asserted claims at this stage is that doing so not only makes the imminent claim construction process far more efficient for the Court and the parties, but also allows the parties to streamline their expert reports, file targeted dispositive motions, and begin focusing on the issues that will actually be addressed at trial. *See High Point Sarl v. Sprint Nextel Corp.*, 2010 WL 9497168,

at *2-3 (D. Kan. Aug. 18, 2010) (reducing 117 claims to 20 before claim construction hearing and noting that "the time for identifying critical issues and for narrowing the scope of this litigation, if not passed, is now"). Notably, this very Court has adhered to this position, requiring the plaintiff in an eleven patent case to reduce the number of asserted claims from 178 to 20 claims prior to the start of the claim construction process. *See Broadcom Corp. v. Emulex Corp.*, 2010 WL 11465322, at *5 (C.D. Cal. June 30, 2010) (Selna, J.).

Limiting UEI's claims at this stage of the litigation will promote efficiency and conforms to this Court's past practice, both of which justify granting this motion.

**III. Reducing the Number of Asserted Claims from 106 to 20 Is Reasonable**

Decisions from across the country support the position that setting a limit of approximately 15 claims is appropriate in patent litigation, even when claimants have asserted hundreds of claims. *See e.g., In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d at 1310-12 (affirming a limit of 16 claims per defendant from an original 1,975 claims); *Stamps.com Inc.*, 437 F. App'x at 900-03 (affirming a limit of 15 claims from an original 629 claims across 11 patents); *Select Comfort Corp. v. Gentherm, Inc.*, 2014 WL 4976586 (D. Minn. Oct. 3, 2014) (limit of 15 claims across five patents); *Joao Control & Monitoring Sys., LLC v. Ford Motor Co.*, 2014 WL 106926 (E.D. Mich. Jan. 10, 2014) (limit of 15 claims across five patents against the first defendant and eight claims per patent against the second defendant that did not request a lower number); *Medtronic*, 2013 WL 3322248 (reducing 255 claims to four claims for each of the nine patents in suit and then two claims for each patent after the submission of non-infringement and invalidity contentions); *Havco Wood Products, LLC v. Indus. Hardwood Products, Inc.*, 2011 WL 5513214 (W.D. Wis. Nov. 10, 2011), amended, 2012 WL 5199185 (W.D. Wis. Oct. 22, 2012) (limit of 15 claims from an original 135 claims across five patents); *Visto Corp. v. Little Red Wagon Techs., Inc.*, 2012 WL 7989618 (N.D. Tex. Oct. 18,

2012) (limit of ten claims from an original 35 claims across five patents); *Fenster Family Patent Holdings, Inc., Elscint Ltd.*, 2005 WL 2304190 (D. Del. Sept. 20, 2005) (limit of ten claims from an original 90 claims across five patents).

Roku's request to limit the number of asserted claims in this action to 20 claims is even larger than the 15 claims that many Federal Courts require. Accordingly, this limitation is more than reasonable.

## IV. UEI Will Suffer No Prejudice if the Court Exercises its Discretion to Limit the Number of Asserted Claims

UEI cannot reasonably argue that it would be prejudiced if it were required to reduce the number of asserted claims at this stage of the case. Limiting the number of claims a plaintiff can assert does not deprive the plaintiff of property rights, which "attach to the patents as a whole, not individual claims." *Broadcom Corp. v. Emulex Corp.*, 2010 WL 11465322, at *5 (quoting *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1466 (Fed. Cir. 1998)). "Moreover, because infringement of a single claim suffices for a finding of infringement of the patent as a whole, the number of claims infringed does not affect the amount of damages." *Id.* (citing *Ziggity Sys., Inc. v. Val Watering Sys.*, 769 F. Supp. 752, 819 (E.D. Pa. 1990)).

Furthermore, requiring UEI to reduce the number of asserted claims does not violate any due process rights, especially if UEI is provided the opportunity to add claims that present non-duplicative infringement/validity issues. In *In re Katz*, the district court required the plaintiff to dramatically reduce the number of asserted claims but also provided that the plaintiff could "add new claims if they 'raise[d] issues of infringement/validity that [were] not duplicative' of previously selected claims." 639 F.3d at 1309. The Federal Circuit affirmed the district court's approach and held that "Katz has not shown that the claim selection procedure the district court employed was inadequate to protect Katz's rights with respect to the unasserted claims." *Id.* at 1311. In order to alleviate any due process concerns, Roku has

included similar language in the proposed order that allows UEI the opportunity to add non-elected claims in the future upon a showing that they do, in fact, present non-duplicative infringement/validity issues.

Accordingly, requiring a reduction in the number of asserted claims would not prejudice UEI.

**CONCLUSION**

For the reasons set forth above, Roku respectfully requests that the Court grant this Motion and require UEI to elect no more than 20 claims to pursue in this action by March 11, 2019.

Respectfully submitted,

Dated: February 6, 2019

By: /s/ *Jonathan D. Baker*

Jonathan D. Baker (SBN 196062)
jdbaker@dickinsonwright.com
**DICKINSON WRIGHT RLLP**
800 W. California Avenue, Ste. 110
Sunnyvale, CA 94086
Telephone: (408) 701-6200
Facsimile: (844) 670-6009

Steven R. Daniels (SBN 235398)
sdaniels@dickinsonwright.com
Michael D. Saunders (SBN 259692)
msaunders@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
303 Colorado St., Ste. 2050
Austin, Texas 78701
Telephone: (512) 770-4200
Facsimile: (844) 670-6009

Steven A. Caloiaro (SBN 284410)
scaloiaro@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
100 West Liberty Street, Ste. 940
Reno, NV 89501

Telephone: (775) 343-7500
Facsimile: (844) 670-6009

*Attorneys for Defendant*
*Roku, Inc.*