Ryan W. Koppelman (SBN 290704)
Timothy R. Watson (SBN 293774)
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone:  (650) 838-2000
Facsimile:   (650) 838-2001
ryan.koppelman@alston.com
tim.watson@alston.com

Michael J. Newton (SBN 156225)
**ALSTON & BIRD LLP**
2828 North Harwood Street, 18th Floor
Dallas, Texas 75201
Telephone:  (214) 922-3400
Facsimile:   (214) 922-3899
mike.newton@alston.com

Evan W. Woolley (SBN 286385)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:  (213) 576-1000
Facsimile:   (213) 576-1100
evan.woolley@alston.com

*Attorneys for Plaintiff*
*Universal Electronics Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL ELECTRONICS INC., a Delaware Company,<br><br>Plaintiff,<br>v.<br><br>ROKU, INC., a Delaware Company,<br><br>Defendant. | **Case No. 8:18-cv-01580-JVS-ADS**<br>**Honorable James V. Selna**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO SHORTEN TIME FOR HEARING ON MOTION TO LIMIT CLAIMS** |

## OPPOSITION TO *EX PARTE* APPLICATION

Plaintiff UEI opposes Roku's *ex parte* application to shorten time for a hearing on its Motion to Limit Number of Asserted Claims because there is no emergency, there is no prejudice to Roku, and, to the contrary, there *would be* prejudice to UEI if this process is unnecessarily expedited.

Roku suggests there is an emergency here because it wants an order very soon to limit the number of asserted claims before the claim construction process begins. But, Roku has known for over 6 weeks how many claims UEI is asserting. Roku had enough time to raise this issue sooner via a regularly noticed motion but did not, thereby creating its own inflated emergency. That Roku's own delay created its perceived need to expedite cuts against granting extraordinary *ex parte* relief.

In addition, there is no prejudice to Roku if this case were to simply follow the regular course of a patent infringement case, where claims are not limited until *after* the parties have the benefit of both claim construction and discovery. The cases Roku cites in its *ex parte* application indeed support this point, as opposed to indicating a purported trend of limiting claims before claim construction as Roku claims.

Furthermore, limiting claims before construction and doing so on expedited briefing would in fact inflict undue prejudice on UEI. Roku's expedited schedule gives UEI just two days to review confidential documents that Roku promised to produce on February 11—a document production that has been outstanding since December. And, Roku's proposed expedited schedule would require UEI to file an opposition brief before it even receives Roku's invalidity contentions. The proposed expedited schedule thus hamstrings UEI's ability to cultivate positions on unique issues of infringement and validity—core issues that courts recognize as important to any limitation on asserted claims. Roku provides no reasoning why UEI should have only a week to respond, when Roku had weeks to prepare its motion.

Accordingly, Roku's application for *ex parte* relief should be denied.

I.  **UEI's Efforts to Avoid Unnecessary *Ex Parte* Practice.**

The parties attended the scheduling conference in this case on December 10, 2018. (Declaration of Evan W. Woolley ("Woolley Decl."), ¶ 2.) The Court noted that claims would eventually need to be limited, but it did not set a timetable for doing so. Indeed, the Court's guidance suggested limiting claims much further into the proceedings than the parties are now, with the Court suggesting possibly staging claims for multiple trials and setting a status conference for May 6, 2019 to discuss. (Exh. A to Woolley Decl. at 6:23-7:9.)

Roku served responses to UEI's first set of requests for production of documents on December 21, 2018. (Woolley Decl., ¶ 3.) In those responses, Roku promised to produce confidential documents subject to a protective order, but it gave no timetable for doing so (as required by the Federal Rules). (*Id*.) After extensive negotiations, the parties stipulated to an interim protective order and Roku promised to produce confidential documents on February 11, 2019. (*Id*.)

UEI served its infringement contentions on December 24, 2018. (Woolley Decl., ¶ 4.) Roku first informed UEI of its intent to potentially bring a motion to limit claims in a letter dated January 18, 2019. (*Id*.) UEI told Roku that filing such a motion prior to invalidity contentions, claim construction, and discovery was premature. (*Id*.) On January 23, 2019, Roku sent an unrelated letter, raising issues with UEI's infringement contentions. (Woolley Decl., ¶ 5.) During the January 31 meet and confer call on that letter, Roku advised UEI of its intent to file this *ex parte* application. (*Id*.) UEI reiterated that the motion to limit was premature, that *ex parte* relief was inappropriate, and that while UEI's counsel was unavailable for a hearing on March 18 and March 25, that still left available dates for a regularly noticed motion to be heard before claim construction. (*Id*.) Roku nonetheless continued with this *ex parte* approach, which puts UEI's opposition deadline one day before Roku's invalidity contentions are due. (*Id*.)

## II. Roku's Application Lacks Good Cause and Must be Denied.

To obtain *ex parte* relief, Roku must show that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. March 13, 1995). The Court also considers the "unfairness" to the opposing party. *Id.* As the Court's Procedures state, "Ex Parte applications are for extraordinary relief only." Roku's application fails to make any showing that its application satisfies these standards.

### A. Roku Fails to Show Irreparable Prejudice.

Roku's application fails to mention the relevant legal standard—that it must show irreparable prejudice. The only hint of such an argument is Roku's reference to the perceived burden of briefing claim construction before limiting claims. (D.I. 42 at 2:1-4.) But, here the Court has already limited the number of claim terms for construction to ten. (Woolley Decl., Exh. B.) Given this existing limitation on claim construction proceedings, further limiting the number of asserted claims will not necessarily have any impact on the burden of claim construction briefing.

Moreover, Roku will not be prejudiced if the issue of limiting claims is resolved after claim construction. Indeed, Courts frequently resolve such motions after claim construction. *See Fontem Ventures, B.V. v. Njoy, Inc.*, 2015 U.S. Dist. LEXIS 186814, *3 (C.D. Cal. July 20, 2015) (motion to limit claims brought five months after claim construction hearing); *Fujifilm Corp. v. Motorola Mobility LLC*, 2015 U.S. Dist. LEXIS 21413, *5 (N.D. Cal. Feb. 20, 2015) (limiting claims after claim construction); *High Point Sarl v. Sprint Nextel Corp.*, 2010 U.S. Dist. LEXIS 30348, *13 (D. Kan. Mar. 29, 2010) (denying without prejudice motion to limit claims brought before claim construction as "premature" and stating that defendant could refile motion to limit after claim construction and discovery); *Realtime Data, LLC v. Packeteer, Inc.*, 2009 U.S. Dist. LEXIS 131805, *22 (E.D. Tex. Mar. 16, 2009)

1  (denying motion to limit claims brought before claim construction because "[t]o
2  arbitrarily limit the number of claims that Plaintiff may assert at this point—long
3  before discovery has closed—will result in prejudice to Plaintiff."); *Gen-Probe Inc. v.*
4  *Becton Dickinson & Co.*, 2012 U.S. Dist. LEXIS 21744, *3 (S.D. Cal. Feb. 21, 2012)
5  (ruling on motion to limit claims months after claim construction).  In one of Roku's
6  own cited authorities, the court stated that it would take up the issue of limiting the
7  number of claims at the final pretrial conference.  *Network Prot. Scis., LLC v.*
8  *Fortinet, Inc.*, 2013 U.S. Dist. LEXIS 66487, *9 (N.D. Cal. May 9, 2013).  Roku is
9  incorrect that it is irreparably harmed by following the normal course of patent cases.
10      Roku's application cites *Masimo Corp. v. Philips Elecs. N. Am. Corp.* for the
11  proposition that courts "generally" require reduction of claims asserted before claim
12  construction, which is poor support for that position.  (D.I. 42 at 1:15-18, citing 918 F.
13  Supp. 2d 277, 284 (D. Del. 2013).  While the court in *Masimo* did limit claims prior to
14  claim construction, that case was a consolidation of two other cases (*Masimo I* and
15  *Masimo II*), where several of the patent claims sought to be limited had terms already
16  construed in *Masimo I*.  The court based its decision to limit claims prior to claim
17  construction in the consolidated case on the fact that "[t]he court's prior claim
18  construction decisions and the completed summary judgment briefing on the seven
19  construed patents from *Masimo I*, the overlapping subject matter among the construed
20  and unconstrued claim terms, and the parties' proposed claim constructions for the
21  *Masimo II* patents should assist in any reduction selection of the claims and prior art
22  references."  *Masimo*, 918 F. Supp. 2d at 283.  Thus, at the time of the motion to limit,
23  the parties had already submitted their joint claim construction chart for all 95 asserted
24  claims.  *Id*.  Unlike *Masimo*, UEI and Roku do not have the benefit of prior claim
25  constructions, a completed claim construction chart, completed summary judgment
26  briefing, and discovery from a related case.  *Masimo* therefore involved exceptional
27  circumstances and does not show that courts "generally" limit claims before claim
28  construction.  Nor does it support the extraordinary relief of expedited briefing on

Roku's motion.

Roku cites one other case involving an early limitation of claims. But in *Medtronic Minimed, Inc. v. Animas Corp.*, 2013 U.S. Dist. LEXIS 94147, *6 (C.D. Cal. April 5, 2013), while the court faulted plaintiff's inability to show prejudice, unlike here, there is no indication that the Court already imposed a limitation on the number of claim terms for construction, nor that the claim limitation was not done via an expedited briefing schedule. Therefore, this case is also distinguishable and contrary to the actual weight of authority.

UEI recognizes that this Court previously limited the number of asserted claims prior to claim construction in *Broadcom Corp. v. Emulex Corp.*, 2010 WL 11465322 (C.D. Cal. June 30, 2010). Roku cites this case its main motion but not its *ex parte* application. In *Broadcom*, the stated goal of the early reduction of claims was to streamline the claim construction process because it was done before a limit was placed on the number of claim terms to be construed. *Id*. at *5; (Woolley Decl., Exh. C.) Here, in contrast, the number of terms for construction has already been limited to ten, so limiting the asserted claims now would not directly bear on the efficiency of claim construction. (Woolley Decl., Exh. B.) Moreover, the order in *Broadcom* gave the plaintiff thirty days from the date of the order to limit claims. *Id*. at *6. This is in stark contrast to the nineteen-day expedited timeline Roku proposes, which only gives UEI seven days to respond to the motion. Finally, *Broadcom* was decided before the Federal Circuit stated in *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1312 (Fed. Cir. 2011) that courts must consider the due process implications of limiting asserted patent claims.

Accordingly, Roku has failed to show irreparable prejudice, and its authority does not support its alleged need for expedited relief.

**B.     Roku's Purported Emergency Was of its Own Making.**

Roku's application fails the second element required for *ex parte* relief because the alleged emergency requiring extraordinary relief was of its own making. Roku has

had UEI's infringement contentions since December 24. (Woolley Decl., ¶ 4.) It therefore knew how many claims UEI was asserting for six weeks before it filed its motion. There was ample time for Roku to file a regularly noticed motion to limit claims, but it failed to do so. Moreover, UEI clarified during the last meet and confer call that UEI's scheduling conflicts were only on March 18 and March 25. (Woolley Decl., ¶ 5.) Thus, Roku could have timely noticed the hearing for March 11 in accordance with C.D. Cal. L.R. 6-1. Instead, Roku sat on the issue for weeks, declined to properly notice a hearing, and now rushes to the Court claiming an emergency. Under *Mission Power*, this is an impermissible basis for *ex parte* relief. *Mission Power*, 883 F. Supp. at 493.

### C. Roku's Proposed Expedited Schedule Would Prejudice UEI.

Finally, Roku's proposed expedited schedule would prejudice on UEI. Under Roku's schedule, UEI has only two days to review Roku's promised production of confidential documents (that have been outstanding since December 21) before its opposition is due. (Woolley Decl., ¶ 3.) These documents are essential to inform UEI's infringement arguments. Roku's proposed schedule is also prejudicial because it requires UEI to respond to the motion to limit claims one day before UEI receives Roku's invalidity contentions. (Woolley Decl., ¶ 5.) Effectively, Roku is seeking to take positions on limiting claims prior to knowing what issues actually exist.

Limiting the number of asserted claims implicates a plaintiff's due process rights. *In re Katz*, 639 F.3d at 1312. When determining whether to limit claims, the court must look at whether the asserted claims raise unique issues of infringement or validity. *Id*. UEI cannot identify unique issues of infringement that depend on the inner workings of Roku's devices when it has yet to receive even basic discovery. Moreover, UEI cannot identify the issues of validity before Roku even discloses what validity issues it is asserting in its invalidity contentions. Roku's proposed expedited schedule therefore hamstrings both UEI and the Court's ability to examine and understand the issues at the heart of the underlying motion. Roku cites no authority

7

showing that those constitutional considerations may be adequately protected on its proposed expedited briefing schedule.

### III. Conclusion.

For at least the reasons stated above, the Court should deny Roku's *ex parte* application to shorten time for hearing on its motion to limit claims.

UEI'S OPPOSITION TO ROKU'S *EX PARTE* APPLICATION TO SHORTEN TIME FOR HEARING ON MOTION TO LIMIT CLAIMS

Dated: February 7, 2019

By: */s/ Evan W. Woolley*
Ryan W. Koppelman (SBN 290704)
Timothy R. Watson (SBN 293774)
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone:   (650) 838-2000
Facsimile:    (650) 838-2001
ryan.koppelman@alston.com
tim.watson@alston.com

Michael J. Newton (SBN 156225)
**ALSTON & BIRD LLP**
2828 North Harwood Street, 18th Floor
Dallas, Texas 75201
Telephone:   (214) 922-3400
Facsimile:    (214) 922-3899
mike.newton@alston.com

Evan W. Woolley (SBN 286385)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:   (213) 576-1000
Facsimile:    (213) 576-1100
evan.woolley@alston.com

*Attorneys for Plaintiff*
*Universal Electronics Inc.*

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Alston & Bird LLP, 333 South Hope Street, 16th Floor, Los Angeles, California 90071. On February 7, 2019, I served the foregoing document(s) described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO SHORTEN TIME FOR HEARING ON MOTION TO LIMIT CLAIMS**

by the indicated means to the persons at the addresses listed:

| | |
|---|---|
| **Jonathan D Baker**<br>jdbaker@dickinsonwright.com<br>Dickinson Wright PLLC<br>800 West California Avenue Suite 110<br>Sunnyvale, CA 94086<br>Telephone: 408-701-6200 | ☐ Via Overnight Courier<br>☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☐ Via E-mail<br>✓ Via Electronic Filing |
| **Michael D Saunders**<br>msaunders@dickinsonwright.com<br>**Steven Robert Daniels**<br>sdaniels@dickinsonwright.com<br>Dickinson Wright PLLC<br>303 Colorado Street Suite 2050<br>Austin, TX 78701<br>Telephone: 512-770-4200 | ☐ Via Overnight Courier<br>☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☐ Via E-mail<br>✓ Via Electronic Filing |
| **Steven A Caloiaro**<br>scaloiaro@dickinsonwright.com<br>Dickinson Wright PLLC<br>100 West Liberty Street Suite 940<br>Reno, NV 89501<br>Telephone: 775-343-7500 | ☐ Via Overnight Courier<br>☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☐ Via E-mail<br>✓ Via Electronic Filing |

I am readily familiar with our firm's processing of correspondence via electronic mail and U.S. Mail. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct; that I am employed in the office of a member of the bar of this Court at whose direction the service was made; and that this declaration was executed on February 7, 2019, at

Los Angeles, California.

Evan W. Woolley
Evan W. Woolley
Alston & Bird LLP
