Jonathan D. Baker (SBN 196062)
jdbaker@dickinsonwright.com
DICKINSON WRIGHT RLLP
800 W. California Avenue, Suite 110
Sunnyvale, CA  94086
Telephone: (408) 701-6200
Facsimile:  (844) 670-6009

Steven R. Daniels (SBN 235398)
sdaniels@dickinsonwright.com
Michael D. Saunders (SBN 259692)
msaunders@dickinsonwright.com
DICKINSON WRIGHT PLLC
303 Colorado St., Ste. 2050
Austin, Texas  78701
Telephone:  (512) 770-4200
Facsimile:  (844) 670-6009

*Attorneys for Defendant Roku, Inc.*
Additional counsel on signature page

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL ELECTRONICS INC., a Delaware Company,<br><br>          Plaintiff,<br><br>  v.<br><br>ROKU, INC., a Delaware Company,<br><br>         Defendant. | Case No. 8:18-cv-01580-JVS-ADS<br><br>**ROKU, INC.'S OPPOSITION TO PLAINTIFF'S OPPOSED *EX PARTE* APPLICATION TO STRIKE OR IN THE ALTERNATIVE CONTINUE HEARING ON DEFENDANT'S MOTION TO LIMIT CLAIMS** |



## I.    INTRODUCTION

On February 6, 2019, Defendant Roku, Inc. ("Roku") filed its Notice of Motion and Motion to Limit Number of Asserted Claims (the "Motion"). That same date, Roku filed an *Ex Parte* Application to shorten the time for the hearing on the Motion (the "Application"). In addition to filing an Opposition to the Application, Plaintiff Universal Electronics Inc. ("UEI") filed its own *Ex Parte* Application to Strike or in the Alternative Continue the Hearing on the Motion ("Application to Strike"). The bases UEI provides for the Application to Strike do not justify the relief sought.

First, UEI complains that Roku failed to comply with L.R. 6-1 because the hearing date noticed – February 25, 2019 – was less than 28 days after February 6, 2019. Concurrently with this Opposition, Roku has filed a Re-Noticing of Motion, re-scheduling the hearing date on the Motion to March 11, 2019, which is more than 28 days away. The re-noticing of the hearing on the Motion moots any alleged issue concerning Roku's compliance with L.R. 6-1. If the Court grants the Application, the hearing on the Motion will occur on February 25, 2019; if not, the hearing on the Motion can proceed on March 11, 2019.

Second, UEI argues that holding the hearing on the Motion on February 25 or any time before April 1, 2019 will result in prejudice because it would leave UEI insufficient time to prepare the Opposition to the Motion. Specifically, UEI notes that little to no time will exist to review "confidential documents" and the invalidity contentions Roku is to provide. However, UEI is conflating the need for time to determine which claims to select as its 20 selected claims – for which the mentioned documents might be needed – with time to prepare the Opposition, for which these same documents are not necessary. Indeed, in the Application to Strike, UEI already has articulated the arguments on which its Opposition to the Motion will rest. To the extent that UEI wishes to flesh out these arguments in a fuller Opposition, it will not

ROKU'S INC.'S OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION TO STRIKE                                    CASE NO. 8:18-CV-01580-JVS-ADS

1  need any more information than it possesses.

2        Last, UEI argues that Roku will not suffer any prejudice if the Court waited

3  until after completion of claim construction to limit the asserted claims – a process

4  that UEI characterizes, based on little support, as "the regular course of a patent

5  infringement case." D.I. 44, at 3. Even if that were accurate—which it is not—that

6  does not require that the Court wait until after the claim construction hearing to hear

7  and rule upon the Motion. Just as importantly, UEI's position ignores entirely the

8  fact that waiting until after claim construction will prejudice Roku *and* burden the

9  Court. UEI, for example, does not deny that – as discussed in the Motion – if the

10 claims asserted are not limited now, Roku and the Court will spend countless hours

11 dealing with claims during claim construction and discovery that will not go to trial,

12 making these efforts a waste of resources.

13       Because UEI provides no reasonable basis for delaying a hearing on the

14 Motion, the Application to Strike should be denied.

15 **II.  UEI HAS KNOWN FOR MONTHS THAT IT WOULD NEED TO**
16      **LIMIT THE NUMBER OF ASSERTED CLAIMS**

17       In the Application to Strike, UEI suggests that Roku unreasonably delayed in

18 seeking to limit the number of asserted claims. The facts, however, establish that

19 Roku filed the Motion as early as possible after exhausting efforts to persuade UEI

20 to limit the number of asserted claims.

21       On September 6, 2018, UEI filed the Complaint in this case. At the initial

22 scheduling conference on December 10, 2018, the Court advised that, ultimately, it

23 believed less than one claim per patent would end up going to trial: "[E]ven if you

24 only had one term or one claim per each of the patents, I think that's more than an

25 ordinary jury can meaningful[ly] assimilate." D.I. 44-2, at 6-7. Accordingly, the

26 Court expected both parties would offer suggestions as "to how we can trim things

27 down either by eliminating claims or by staging claims, putting some aside to abide

28

by the result of the first jury trial from the parties." D.I. 44-2, at 7. The Court did speak broadly in terms of limiting claims before trial; however, UEI should have anticipated that, if it asserted more than one claim per patent, Roku likely would request limitation of those claims long before reaching that stage of the proceedings.

Of course, Roku could not know that it would need to make this request until after receipt of UEI's Disclosure of Asserted Claims (the "Disclosure"). UEI served that disclosure – showing that UEI was asserting 106 claims – on December 24, 2019, in the middle of the holiday season. On January 18, 2019, after having time to review the Disclosure, counsel for Roku wrote to UEI and requested that UEI limit the number of claims asserted.

And at the meet and confer on January 30, 2019, Roku renewed its request. Notably – and as UEI fails to mention – at the meet and confer, UEI refused to offer any counter-proposal regarding a deadline for limiting its claims, a schedule for the same (including any proposal for eliminating or staging claims as the Court suggested at the initial scheduling conference), and/or a proposed limit on the number of asserted claims. *See* Declaration of Jonathan D. Baker in Support of Opposition to Plaintiff's Opposed Ex Parte Application ("Baker Decl. II"), ¶¶ 5-6. Moreover, counsel for UEI would not provide any indication as to when UEI would be able to suggest or agree to any alternative manner for limiting the number of asserted claims. *Id.* Finally, in an email on February 3, 2019, counsel for UEI indicated that it would seek a continuance on any motion to limit the number of asserted claims until no earlier than April 1, 2019. D.I. 42-1, ¶ 4. Accordingly, Roku had little choice but to seek relief from the Court, including asking for an expedited hearing date. Roku, not UEI, did everything possible to avoid filing the Motion and Application.

## III. ARGUMENT

### A. Roku's Alleged Non-Compliance with L.R. 6-1 is Moot

Concurrently with this Opposition, Roku has re-noticed the hearing on the Motion for March 11, 2019, in full compliance with the 28 days' notice requirement of L.R. 6-1. Roku still maintains its *ex parte* request that the Court shorten time on the Motion and set it for hearing on February 25, 2019, or on such other date as the Court believes appropriate. Accordingly, there is no basis for striking the Motion.

**B.     UEI Has Time to Prepare an Opposition to the Motion by February 13, 2019 in Accordance with Roku's Proposed Briefing Schedule**

In the Motion, Roku argues that the Court should limit the number of asserted claims before claim construction commences for the following reasons:

- Waiting until after claim construction commences to limit the claims asserted will result in a significant and unjustified burden on both the Court and Roku during that phase of the case, as well as throughout subsequent proceedings.

- Recognizing this burden, courts routinely require patentees to limit the number of asserted claims prior to claim construction.

- Limiting the number of asserted claims prior to claim construction will not cause UEI any prejudice.

Roku has suggested that the Court order UEI to limit its 106 claims to 20 claims and require UEI to select those 20 claims prior to March 11, 2019. UEI argues that preparing an adequate Opposition to the Motion by February 13, 2019 (in accordance with the briefing schedule Roku proposed in the Application) is not possible. UEI notes that, by February 13, 2019, it will have had Roku's "confidential documents" for only two days and the invalidity contentions for only one day. UEI suggests that these documents "are essential to further inform UEI's infringement arguments." D.I. 44, at 5.

UEI, however, does not need more substantive information concerning either its own infringement claims or Roku's possible defenses to address the arguments raised in the Motion. This information, for example, will not help show that, if the Motion is denied, Roku and the Court will *not* spend unreasonable time and effort

considering claims during the claim construction phase that ultimately UEI will end up cutting from the case before trial. Likewise, this information has no bearing on whether courts regularly limit claims before the claim construction phase or that doing so will cause UEI prejudice. Indeed, in the Application to Strike, UEI already presents arguments that address the bases for the Motion. Clearly, UEI does not need substantial additional time to develop these arguments. In addition, UEI does not need the confidential documents, invalidity contentions – or any other information possibly available through discovery – to argue that it should be able to assert more than 20 claims or select those claims at sometime after March 11, 2019.

Relying upon *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303 (Fed. Cir. 2011), UEI contends that, "[w]hen determining whether to limit claims, the court *must* look at whether the asserted claims raise unique issues of infringement or validity." D.I. 44, at 5. Accordingly, UEI argues that it needs Roku's confidential documents and invalidity contentions to assess which of its claims present these unique issues before the Court limits the claims. UEI has misread *Katz*. In that case, the Federal Circuit recognized that a patent claimant may have a due process right to have claims based on unique issues of infringement and invalidity heard. The Federal Circuit also held that including in an order limiting the number of asserted claims a provision allowing the claimant to add claims upon a showing that they present these unique issues – a provision that Roku has included in its proposed Order to limit UEI's asserted claims – preserves this due process right. Because UEI will have the ability to add claims upon making the proper showing, limiting the claims before the claim construction phase will not prejudice its due process rights. Giving UEI more time to analyze the mentioned documents does not justify denying the Application or waiting until the claim construction phase ends before holding the hearing on the Motion.

**C.     Limiting the Number of Asserted Claims After Claim Construction Prejudices Roku and Burdens the Court**

In the Motion, Roku demonstrates in detail how waiting until the claim construction phase is underway before limiting claims creates an unreasonable burden both on it and the Court. D.I. 41 at 3-7.  UEI does not dispute that analyzing any single claim during the claim construction phase takes up to hundreds of hours (and costs clients additional thousands of dollars), nor can it. *See Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002). Requiring Roku to duplicate that process for *106 claims* obviously compounds this issue. Likewise, the Court will have the task of construing all these claims. *MLC Intellectual Property, LLC v. Micron Technology, Inc.*, 2018 WL 4616255, at *5 (N.D. Cal. Sept. 26, 2018) Given the Court's admonition about the need to limit claims in the initial scheduling conference, UEI certainly is not going to present anywhere close to 106 claims at trial. Forcing Roku and the Court to spend time and energy assessing 106 claims – the majority of which will not be considered at trial – during the claim construction phase is an unreasonable waste of resources and will almost certainly ensure the need for a second claim construction hearing prior to trial. Conducting the hearing and ruling on the Motion before the claim construction phase commences ensures that this waste of resources does not occur.

UEI – citing solely to the Application – argues that Roku has not supported the position that courts generally limit claims prior to claim construction. D.I. 44, at 7. In the Application, Roku only cited one of the four cases mentioned in the Motion that support this proposition, primarily because the Application's purpose was to secure an expedited hearing date on the Motion, not to argue the substantive merits of the Motion.[1] Roku notes here, however, that one of the cases cited in the Motion

---

[1] UEI suggests that *Network Protection Scis., LLC v. Fortinet, Inc.*, 2013 WL 1949051, at *3 (N.D. Cal. May 9, 2013) – which appears only in the Application – endorses waiting until after claim construction to limit claims asserted because the California District Court noted that it would address limiting claims "at the final

1  – *Arctic Cat, Inc. v. Polaris Indus. Inc.*, 2015 WL 3756409, at *4 (D. Minn. June 12,

2  2015) – acknowledged that "the vast majority of courts that have ordered claim

3  reduction have done so prior to claim construction."[2]

4      Although UEI addresses the substantive argument made in the Motion about

5  the timing for limiting claims, the cases it cites do not support its position that the

6  reduction should occur after claim construction. D.I. 44, at 6-7. *Fontem Ventures,*

7  *B.V. v. Njoy, Inc.*, 2015 WL 12720308 (C.D. Cal. July 20, 2015) does not even

8  address a motion to limit the claims asserted. Nothing in *Fujifilm Corp. v. Motorola*

9  *Mobility, LLC*, 2015 WL 757575 (N.D. Cal. Feb. 20, 2015) or *Gen-Probe, Inc. v.*

10  *Becton Dickinson & Co.*, 2012 WL 579490 (S.D. Cal. Feb. 22, 2012), indicates that

11  defendants sought unsuccessfully to have the number of asserted claims limited prior

12  to claim construction before later convincing the Court to do so. The district court

13  in *Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 10667516 (E.D. Tex. Mar. 16,

14  2009) did deny a motion to limit the claims asserted as premature because the

15  plaintiff faced prejudice, but without any explanation as to what that prejudice

16  entailed. The district court in *High Point Sarl v. Sprint Nextel Corp.*, 2010 WL

17  1292710 (D. Kan. Mar. 29, 2010) also denied, without prejudice, a motion to limit

18  claims because discovery was ongoing. That same court first acknowledged that "a

19  number of district courts have, as part of case management, preemptively limited the

20

21  pretrial conference." However, UEI fails to note that the court commented that,
    earlier in the case, the defendant had endured the "bone-crushing burden" of

22  conducting prior art searches on 50 claims – a burden the court found
    "unreasonable." 2013 WL 1949051, at *2. The court also mentioned that the plaintiff

23  recently had reduced the total number of asserted claims to 15, "but even this number
    is still too large to be tried." *Id.* Nothing in *Network Protection Scis.* suggests that

24  the defendant sought to limit the claims asserted before engaging in the prior art
    searches or, had it done so, that the court would have denied the motion.

25  [2] The Minnesota District Court in *Arctic Cat, Inc.*, supported this conclusion with
    citations to a number of decisions in addition to those that Roku included in the

26  Motion. *See* 2015 WL 3756409, at *4 (citing, among other cases, *Select Comfort*
    *Corp. v. Gentherm, Inc.*, 2014 WL 4976586, at *2 (D. Minn. Oct. 3, 2014); *Thought,*

27  *Inc. v. Oracle Corp.*, 2013 WL 5587559 (N.D. Cal. Oct. 10, 2013); and *Round Rock*
    *Research, LLC v. Dell Inc.*, 2012 WL 8017390 (E.D. Tex. Mar. 26, 2012).

28

ROKU'S INC.'S OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION TO STRIKE                     CASE NO. 8:18-CV-01580-JVS-ADS

number of claim terms that the court will construe, or the number of patent claims a plaintiff will be allowed to assert." *Id*, 2010 WL 1292710, at *2. UEI also ignores that in August 2010, the Kansas District Court granted the defendants' renewed motion to limit the claims asserted before claim construction. *High Point Sarl v. Sprint Nextel Corp.*, 2010 WL 9497168, at *3 (D. Kan. Aug. 18, 2010) (requiring plaintiff to limit 117 claims to 20 claims).

Moreover, the district courts in *Realtime Data* and *High Point Sarl* issued their decisions before the Federal Circuit clarified in *Katz* that affording claimants the opportunity to add claims upon a showing that they raised unique infringement and invalidity issues alleviated any due process concerns. UEI also must concede that *Realtime Data* and *High Point Sarl* are but two cases in a sea of authority that favors courts limiting claims prior to claim construction.

UEI recognizes that, in *Broadcom Corp. v. Emulex Corp.*, 2010 WL 11465322 (C.D. Cal. June 30, 2010), this court ordered the plaintiff to limit the number of asserted claims from 178 claims to 20 claims. UEI, however, attempts to distinguish *Broadcom Corp.* by noting that, unlike this case, the number of claim terms had not yet been limited. D.I. 44, at 8.  However, that alleged distinction does not support delaying the reduction in the number of asserted claims until after the claim construction hearing.  If the Court does not limit the number of asserted claims before the hearing, the Court and the parties will almost certainly be wasting their time guessing as to which of the claim terms in the 106 asserted claims will be relevant to the claims actually asserted at trial and would require the Court to conduct a second *Markham* hearing.

UEI also complains that, in *Broadcom Corp.*, the plaintiff received thirty days to select its claims, while – if the Application and Motion are granted – only nineteen days would remain for UEI to do the same thing. This is not a reason to deny the Application. If the Court feels that UEI needs more time to select the claims to assert,

1    it has the power to provide that time.

2    **IV.    CONCLUSION**

3        Roku's alleged lack of compliance with L.R. 6-1 is moot. In the event, the

4 Court denies the Application, based on the Re-Noticed Motion, UEI has the

5 sufficient 28 days' notice of the hearing. As evidenced by arguments appearing in

6 the Application to Strike – including, for example, the argument that courts do not

7 regularly limit claims asserted before claim construction – UEI is ready and able to

8 prepare an Opposition to the Motion right now; if the Application is granted, UEI

9 will have another five days – more than needed – to flesh out those arguments. UEI

10 does not need to refine its infringement claims or address every invalidity contention

11 Roku presents to address the arguments in the Motion. On the other hand, if the

12 Application is denied, Roku is certain to suffer prejudice because it will have to

13 spend time during the claim construction phase dealing with claims that UEI

14 ultimately will not pursue.

15        For the foregoing reasons, the Application to Strike should be denied.

16                             Respectfully submitted,

17 Dated:  February 8, 2019      By:    */s/ Jonathan D. Baker*         `

18                                  Jonathan D. Baker (SBN 196062)
                                 **DICKINSON WRIGHT RLLP**

19                                  800 W. California Avenue, Ste. 110
                                 Sunnyvale, CA  94086

20                                  Telephone:  (408) 701-6200

21                                  Facsimile:  (844) 670-6009
                                 jdbaker@dickinsonwright.com

22

23                                  Steven R. Daniels (SBN 235398)

24                                  Michael D. Saunders (SBN 259692)
                                 **DICKINSON WRIGHT PLLC**

25                                  303 Colorado St., Ste. 2050
                                 Austin, Texas  78701

26                                  Telephone:  (512) 770-4200

27                                  Facsimile:  (844) 670-6009
                                 sdaniels@dickinsonwright.com

28

ROKU'S INC.'S OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION TO STRIKE                        CASE NO. 8:18-CV-01580-JVS-ADS

1

msaunders@dickinsonwright.com

2

Steven A. Caloiaro (SBN 284410)

3

**DICKINSON WRIGHT PLLC**

4

100 West Liberty Street, Ste. 940
Reno, NV  89501

5

Telephone:  (775) 343-7500

6

Facsimile:  (844) 670-6009
scaloiaro@dickinsonwright.com

7

8

*Attorneys for Defendant*

9

*Roku, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10