Ryan W. Koppelman (SBN 290704)
Timothy R. Watson (SBN 293774)
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone:    (650) 838-2000
Facsimile:    (650) 838-2001
ryan.koppelman@alston.com
tim.watson@alston.com

Evan W. Woolley (SBN 286385)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:    (213) 576-1000
Facsimile:    (213) 576-1100
evan.woolley@alston.com

Jonathan D. Baker (SBN 196062)
**DICKINSON WRIGHT RLLP**
800 W. California Avenue, Suite 110
Sunnyvale, CA  94086
Telephone: (408) 701-6200
Facsimile: (844) 670-6009
jdbaker@dickinsonwright.com

Steven R. Daniels (SBN 235398)
Michael D. Saunders (SBN 259692)
**DICKINSON WRIGHT PLLC**
303 Colorado St., Ste. 2050
Austin, Texas  78701
Telephone:  (512) 770-4200
Facsimile:  (844) 670-6009
sdaniels@dickinsonwright.com
msaunders@dickinsonwright.com

*Attorneys for Plaintiff*
*Universal Electronics Inc.*
*Additional counsel on last page*

*Attorneys for Defendant Roku, Inc.*
*Additional counsel on last page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL ELECTRONICS INC., a Delaware Company, <br><br> Plaintiff, <br><br> v. <br><br> ROKU, INC., a Delaware Company, <br><br> Defendant. | **Case No. 8:18-cv-01580-JVS-ADS** <br> **Honorable James V. Selna** <br><br><br> **PROTECTIVE ORDER** |

## NOTE: CHANGES MADE BY THE COURT

1

# I. PURPOSES AND LIMITATIONS

A. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XVII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

# II. GOOD CAUSE STATEMENT

A. This action is likely to involve discovery of confidential and proprietary information, including trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research,

development, or commercial information (including information implicating confidentiality of third party information), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (as these terms are defined, *infra*) for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III. DEFINITIONS

A. <u>Action</u>: *Universal Electronics, Inc. v. Roku, Inc.*, Case No. 8:18-cv-01580-JVS-ADS.

B. <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

C. <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.  <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

E.  <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F.  <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G.  <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

H.  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party, Non-Party, or House Counsel would create a substantial risk of serious harm that could not be avoided by less restrictive means.

I.  <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering

specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party, Non-Party, or House Counsel would create a substantial risk of serious harm that could not be avoided by less restrictive means.

J.      House Counsel:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

K.      Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

L.      Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

M.      Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

N.      Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

O.      Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

P.    Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Q.    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.    SCOPE

A.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.    Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

C.    The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**V.  DURATION**

      A.      Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**VI.  DESIGNATING PROTECTED MATERIAL**

      A.      Exercise of Restraint and Care in Designating Material for Protection

            1.      Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

            2.      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B. Manner and Timing of Designations

1. Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2. Designation in conformity with this Order requires the following:

a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

b. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

c.      For testimony given in deposition, that the Designating Party identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21

days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

d.      Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared

before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

e.      For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

C.      Inadvertent Failure to Designate

1.      If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.      Timing of Challenges.

1. Any Party or Non-Party may challenge a designation of confidentiality at any time.

B. Meet and Confer.

1. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C. Judicial Intervention.

1. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall effectuate the preparation and filing of a joint stipulation pursuant to Civil Local Rule 37-2 within 21 days of the initial

notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

2.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL

A.     Basic Principles

1.     A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XVII below.

2.     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.     Disclosure of "CONFIDENTIAL" Information or Items

1.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    b.    The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    d.    The Court and its personnel;

    e.    Court reporters and their staff who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    f.    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound"; and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

C.      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.

1.      Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

a. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, provided such employees have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

b. Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph IX.A, below, have been followed;

c. the court and its personnel;

d. court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

e. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

f. During their depositions, persons designated as a representative by the Producing Party pursuant to Fed. R. Civ. P. 30(b)(6).

g. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound

by the court reporter and may not be disclosed to anyone except as
permitted under this Stipulated Protective Order.

## IX. PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURE OF "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "HIGHLY CONFIDENTIAL – SOURCE CODE" INFORMATION OR ITEMS TO EXPERTS

A.      Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph VIII.C.1.b, first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,  and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

B.     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

C.     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may effectuate the preparation and filing of a joint stipulation as provided in Civil Local Rule 37 seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## X.  PROSECUTION BAR

A.  Absent written consent from the Producing Party, any individual who reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" technical information shall not be involved in the prosecution of patents or patent applications relating to remote control, graphical user interface, media streaming, and debugging technology, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, post-grant review or inter partes review). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

## XI.  SOURCE CODE

A.  To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

B.      Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

C.      Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be subject to the provisions set forth in paragraph IX, and may be disclosed, subject to paragraph IX, solely to individuals listed in paragraph VIII(C).  Additionally, Discovery Material designated "HIGHLY CONFIDENTIAL - SOURCE CODE" may be disclosed to graphics, translation, design, and/or trial consulting personnel only to the extent necessary to (i) make such material available for exhibiting at an imminent trial or hearing; or (ii) translate non-English language content contained in such material into English.

D.      Source Code shall be made available for inspection in electronic format at the office of the Producing Party's Outside Counsel. Source Code will be made available for inspection between the hours of 9 a.m. and 5:30 p.m., local time, on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

E.      Prior to the first inspection of any requested Source Code, the Receiving Party shall provide ten (10) days' notice of the Source Code that it wishes to inspect. The Receiving Party shall provide three (3) days' notice prior to any additional inspections.

F. Source Code that is designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

    1. All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel, consultants, and/or experts, consistent with the provisions of paragraph 9(c), in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for the ports necessary for a keyboard, mouse, and monitor), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Source Code shall be provided on the Source Code Computer in a searchable and non-editable, write protected format.  The Source Code Computer, including a keyboard, mouse, and monitor, shall be reasonably configured to permit the receiving Party to review the Source Code.  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code on the Source Code Computer.  Prior to the Receiving Party's initial review, the Producing Party shall install software tools that are sufficient for viewing and searching the code produced on the platform produced.  After the Producing Party provides the manifest pursuant to paragraph 10(c)(ii), the

parties shall meet and confer regarding what, if any, additional software tools are to be installed to facilitate review of the Source Code. The parties shall also meet and confer if, after a subsequent review, the Receiving Party requests additional software tools to be installed to facilitate review of the Source Code. Any additional software tools must be commercially available and must be available on open source terms or the Receiving Party must otherwise possess an appropriate license thereto. Notwithstanding any other provision of this Protective Order, in no event shall additional tools or applications that have the effect of altering, modifying, deleting, copying, or otherwise permitting the reproduction or removal of any Source Code from the Source Code Computer be installed on the Source Code Computer. To the extent the Parties agree that additional software tools are to be installed, the Receiving Party must provide the Producing Party with the CD, DVD, or other media containing such licensed software tool(s), or a download link to such tool(s), at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Producing Party and Receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding the configuration of the Source Code Computer or the Source Code Review Room.

2.      No later than seven (7) days before the first inspection of the Source Code (and promptly upon any supplemental production of Source Code), the Producing Party shall serve on the Receiving Party a manifest of the

contents of the Source Code Computer that contains: (i) an identification of the operating system of the Source Code Computer; (ii) an identification of the source code language(s) of the Source Code; (iii) a list of what source code review tools are on the Source Code Computer; and (iv) a list of the filename, location, and MD5 checksum of each file of Source Code on the Source Code Computer.

3.      The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.

4.      The Receiving Party is prohibited from bringing recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind Source Code Review Room.

5.      The Producing Party shall provide a room in addition to the Source Code Review Room for the use of Source Code reviewers during the course of their review (the "Secondary Room").

6.      The Receiving Party's Outside Counsel, consultants, and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes on the Source Code Computer itself.  If any individual inspecting Source Code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks.  No loose paper or other paper that can be used in a printer may be brought into the Source Code Review Room.  All such notes shall be marked "HIGHLY CONFIDENTIAL - SOURCE CODE."

The parties acknowledge that any notes or other work product taken or developed while in the Source Code Review Room may be later transcribed in electronic form.

7.      The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to the extent reasonably necessary to ensure compliance with the provisions of this paragraph, but will not monitor, listen in on, or otherwise inhibit the Receiving Party's privileged communications or note-taking in the Source Code Review Room or Secondary Room, and the Producing Party's supervision will not be deemed to cause any waiver or other loss of any privilege covering such notes or communications.

8.      No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Receiving Party may request that the Producing Party print limited portions of the Source Code, however, the Receiving Party may not request printed copies for the purposes of reviewing the Source Code other than electronically in the first instance.  The Receiving Party may request that the Producing Party print up to 50 printed pages of one release of each codebase of the Source Code, plus the corresponding 50 pages from as many other releases of that codebase as the Receiving Party reasonably believes necessary for use in this Action.  If, for one or more releases, there is a substantial change in the structure of the source code then the Receiving Party may select for

printing from such releases an alternate set of up to 50 pages made necessary by those changes.  In its request, the Receiving Party will identify the portions of the Source Code for printing from each release by file name and line number or in such other manner as agreed upon by the Parties.  A Receiving Party may also request <u>additional</u> printed hard copies of specific lines, pages, or files of the Source Code that it believes in good faith are necessary to understand a relevant feature of an accused product.  If the Producing Party objects to such production, it shall state its objection within two (2) business days of receiving the request.  Resolution of such objections will be handled pursuant to the procedures of Local Rule 37-1.

9.      All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.

10.      Unless otherwise agreed by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party shall remove all notes, documents, and all other materials from the Source Code Review Room and Secondary Room.  The Producing Party shall not be responsible for any items left in the rooms following each inspection session, but shall not intentionally attempt to review privileged or confidential information left by the Receiving Party.  All authorized

persons shall be required to show a government-issued photo identification card confirming their identity prior to any access to the Source Code Review Room or the Source Code Computer.  Access to the Source Code Review Room or the Source Code Computer may be denied to any individual who fails to provide proper identification.

11.     Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Source Code review site.

12.     The Receiving Party may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to paragraph 10(c)(vii), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  The Receiving Party shall provide a copy of this log to the Producing Party upon reasonable advanced notice.

13.     The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is

not in use.  No more than a total of ten (10) individuals identified by the Receiving Party shall have access to the printed portions of Source Code (except insofar as such code appears in any court filing or expert report).

14.     To the extent reasonably necessary and pertinent to the expected testimony, the Receiving Party may make three additional copies of any printed Source Code in connection with a deposition of witness(es) permitted access to such Source Code pursuant to paragraph 9(c).  Any such additional copy made for the purpose of a deposition, and which is not marked as an exhibit to the deposition, shall be promptly destroyed after the conclusion of the deposition.  Such additional deposition copies, and their disposition, shall be recorded in the Receiving Party's log.  The parties presently dispute whether, and under what circumstances, and subject to what security measures, it would be appropriate for the Producing Party, at the request of the Requesting Party, to make a Source Code Computer available at deposition(s) or hearing(s) for real time access to the electronic Source Code.  In the event that the Requesting Party expressly requests that the Producing Party's Source Code be made available electronically at a deposition or hearing, the parties shall promptly meet and confer, and if they are unable to reach agreement, either party may present the dispute to the Court pursuant to its procedures for resolving discovery disputes.

15.     Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the

Source Code from any paper copy of Source Code for use in any manner
(including by way of example only, the Receiving Party may not scan the
Source Code to a PDF or photograph the code except as permitted in this
subparagraph). Images or copies of Source Code shall not be included in
correspondence between the Parties (references to production numbers
shall be used instead), and shall be omitted from pleadings and other
papers whenever possible. To the extent reasonably necessary and
pertinent to the issue being addressed, the Receiving Party may include
excerpts of Source Code in a pleading, exhibit, expert report, discovery
document, deposition transcript, or other Court document, and internal
drafts thereof (a "Source Code Document"), provided that the Source Code
Documents are appropriately marked under this Order, restricted to those
who are entitled to have access to them as specified herein, and, if filed
with the Court, filed under seal in accordance with the Court's rules,
procedures and orders. Only those portions of Source Code reasonably
necessary and specifically referred to in such Source Code Document may
be scanned into a PDF or similar electronic format. The Receiving Party
shall maintain a log of all such electronic copies of any portion of Source
Code in its possession or in the possession of its retained consultants,
including the names of the reviewers and/or recipients of any such
electronic copies, and the locations and manner in which the electronic
copies are stored. Additionally, any such electronic copies must be labeled
"HIGHLY CONFIDENTIAL - SOURCE CODE" as provided for in this
Order.

## XII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

1.     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

3.     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

### XIII. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      Make the information requested available for inspection by the Non-Party, if requested.

C.      If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XIV.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XV.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A.      Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine,

or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material ("Clawed-Back Materials") it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity shall promptly notify the recipient(s) in writing.

B. Each Party receiving such notice shall immediately return or destroy such all such Clawed-Back Materials, and all copies thereof, and shall certify that all such Clawed-Back Materials have been returned or destroyed within five (5) days. No use shall be made of Clawed-Back Materials during depositions, through motion practice, at trial, or otherwise. Outside Counsel and their vendors shall not be required to delete Clawed-Back Materials that may reside on their respective firms' electronic back-up systems, but they are precluded from accessing or using such Clawed-Back Materials for any purpose.

C. The party sending such notice shall provide a supplemental privilege log identifying such Clawed-Back Materials within fourteen (14) days of its notice. For inadvertently produced information that would not otherwise have to be logged, no supplemental privilege log is required. Any party may move the Court for an Order compelling production of any Clawed-Back Materials pursuant to the discovery provisions of the Scheduling Order. The motion shall not assert as a ground for production the fact of the earlier inadvertent production. The

motion shall also not disclose or otherwise use the content of the Clawed-Back Materials (beyond any information appearing on the above-referenced privilege log).

## XVI. MISCELLANEOUS

A.  Right to Further Relief

    1.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.  Right to Assert Other Objections

    1.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.  Filing Protected Material

    1.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

D.  No Exportation of Protected Material

1        1.        Any information identified as Protected Material shall be

2        maintained and/or hosted in the Continental United States and shall not

3        be sent outside the Continental United States for any reason.

## XVII. FINAL DISPOSITION

A.        After the final disposition of this Action, as defined in Section V, within

sixty (60) days of a written request by the Designating Party, each Receiving

Party must return all Protected Material to the Producing Party or destroy such

material.  As used in this subdivision, "all Protected Material" includes all copies,

abstracts, compilations, summaries, and any other format reproducing or

capturing any of the Protected Material.  Whether the Protected Material is

returned or destroyed, the Receiving Party must submit a written certification to

the Producing Party (and, if not the same person or entity, to the Designating

Party) by the 60 day deadline that (1) identifies (by category, where appropriate)

all the Protected Material that was returned or destroyed and (2) affirms that the

Receiving Party has not retained any copies, abstracts, compilations, summaries

or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of

all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

memoranda, correspondence, deposition and trial exhibits, expert reports,

attorney work product, and consultant and expert work product, even if such

materials contain Protected Material.  Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth

in Section V.

B.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: <u>March 08, 2019</u>          <u>/s/ Autumn D. Spaeth</u>
                                   HONORABLE AUTUMN D. SPAETH
                                   United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issue by the

United States District Court for the Central District of California on [DATE] in the case

of *Universal Electronics, Inc. v. Roku, Inc.*, Case No. 8:18-cv-01580-JVS-ADS.  I agree

to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.  I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

BLOOMFIELD 85639-1 2316123v1